**CONNECTICUT GENERAL LIFE IN-SURANCE COMPANY, Appellant,**

v.

**M. Patricia BRESLIN, Appellee.**

No. 22119.

United States Court of Appeals
Fifth Circuit.

Oct. 5, 1965.

J. Thomas Gurney, Jr., J. Thomas Gurney, Sr., of Gurney, Gurney & Handley, Orlando, Fla., for appellant.

Allen K. McCormick, William H. Corbley, Orlando, Fla., for appellee.

Before TUTTLE, Chief Judge, THORNBERRY, Circuit Judge, and CARSWELL, District Judge.

PER CURIAM:

When this appeal from a verdict for the beneficiary of a life insurance policy for the accidental death of her husband was before us previously (see Connecticut General Life Ins. Co. v. Breslin, 5 Cir., 332 F.2d 928), we stated that "[T]he judgment will be vacated and the cause remanded to the district court for further consideration and for such findings, conclusions and judgment as may be proper in view of what has been here said." Primarily, what the Court had said in the opinion was the "[f]eeling that the district court misconstrued the rule as to burden of proof with the result that inconclusive findings and conclusions were made."

Upon remand, the trial court, on the same record, after denying a motion of the appellant for permission to introduce additional evidence, made a specific finding that makes unnecessary any further consideration of the rule of law that is applicable where it is contended that the deceased insured under an accident policy is killed while engaged in an altercation bringing about his own death.

The findings now made by the trial court include the following: "The evidence does not establish any reasonable basis for a conclusion that the deceased renewed the altercation with John Lynch, or that the deceased made an assault upon the said John Lynch under circumstances which would have indicated to the deceased that he would suffer death at the hands of his father-in-law, John Lynch." The court then found that "by a preponderance of the evidence, the plaintiff has sustained her burden of proof that death resulted from accidental means, and the defendant-insurer did not overcome this proof."

We cannot determine that the trial court's findings with respect to the

altercation are clearly erroneous. Moreover, we cannot conclude that the trial court abused its discretion in denying the motion for a new trial based upon the appellant's desire to call John Lynch personally to the stand, whereas on the original trial Lynch's testimony was submitted upon oral deposition.

The judgment is affirmed.